**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4295

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY RAMON BEST,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00413-D-1)

Submitted:  October 17, 2023                          Decided:  October 25, 2023

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** James M. Ayers, II, AYERS & HAIDT, PA, New Bern, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Ramon Best seeks to appeal his sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of cocaine, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1).  On appeal, Best's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising a sentencing issue but concluding there are no meritorious grounds for appeal.  The Government has moved to dismiss the appeal as barred by Best's appeal waiver.  Best was notified of his right to file a pro se supplemental brief but has not done so.  We dismiss the appeal.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  "A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id*.  "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid."  *Id*.  We review this issue de novo.  *Id*.

"We have consistently held that appellate waivers in valid plea agreements are enforceable."  *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021).  "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain."  *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal

2

quotation marks omitted).  But, there is "a 'narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights.'" *United States v. Moran*, 70 F.4th 797, 802 n.3 (4th Cir. 2023). "An appeal waiver does not preclude a defendant from challenging a sentence 'based on a constitutionally impermissible factor' or 'a sentence imposed in excess of the maximum penalty provided by statute.'" *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019).  Moreover, we will not enforce an appeal waiver if doing so "would result in a 'miscarriage of justice.'" *United States v. McKinney*, 60 F.4th 188, 192 (4th Cir. 2023).  "[T]o establish such a miscarriage of justice, a defendant need only make 'a *cognizable claim* of actual innocence.'" *Id*.

Upon our review of the record, we conclude that Best knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issue raised on appeal falls within the scope of the waiver.  Moreover, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none.  In response to the Government's motion, Best does not dispute that his appeal waiver is valid, but he argues that enforcing it would constitute a miscarriage of justice.  However, he does not assert a cognizable claim of actual innocence, and we find this argument without merit.

Accordingly, we grant the Government's motion to dismiss the appeal.  This court requires that counsel inform Best, in writing, of his right to petition the Supreme Court of the United States for further review.  If Best requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Best.  We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would

not aid the decisional process.

*DISMISSED*